IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD FALKENRATH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | |
| | ) | |
| ANTHEM BLUE CROSS AND | ) | |
| BLUE SHIELD | ) | |
| | ) | |
| Serve:  MO Dept. of Insurance | ) | |
| 301 w. High Street, Rm 530 | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| AMEREN CORPORATION | ) | |
| | ) | |
| Serve: CT Corporation System | ) | |
| 120 S. Central Ave | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| AMEREN SERVICES COMPANY | ) | |
| | ) | |
| Serve: CT Corporation System | ) | |
| 120 S. Central Ave | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendants. | ) | |

COMPLAINT
EMPLOYEE RETIREMENT INCOME SECURITY ACT

COMES NOW Plaintiff Richard Falkenrath, by and through undersigned counsel, pursuant

to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et. seq.*,

and for his cause of action against defendants Anthem Blue Cross and Blue Shield (hereinafter

"Anthem"), Ameren Corporation, and Ameren Services Company (collectively "Defendants") respectfully states the following:

## Introduction

1.      Plaintiff brings this action, against Defendants for damages caused by the Defendants' breach of statutory, contractual and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2.      Mr. Falkenrath seeks recovery and payment of benefits due under a healthcare benefits plan, statutory penalties, and costs and attorney's fees associated with this action, as provided by ERISA.

## Parties

3.      Richard J. Falkenrath is an individual residing in the Eastern District of Missouri. He, is a vested participant in a Group Insurance Policy for certain employees of Ameren, which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a). Included in that benefit plan is an Anthem Blue Cross Blue Shield medical insurance that provides medical coverage for Plaintiff and his family, including Mr. Falkenrath's minor son, R.N.F.

4.      Defendant Anthem provides health coverage for certain employees – and their families – of Ameren under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002. Specifically, Anthem provides health insurance benefits.

5.      Anthem is an insurance company domiciled in the State of Missouri. Anthem both administers and pays benefits under the terms of the health benefits plan and is a fiduciary within the meaning of 29 U.S.C. §1002(16).

6.     Defendants Ameren Corporation and Ameren Services Companies are Missouri companies.

7.     Defendant Ameren Corporation is the plan sponsor and funds the Plan and is a Plan Administrator under the meaning of 29 U.S.C. § 1002(16).

8.     Defendant Ameren Services Company is a Plan Administrator under the meaning of 29 U.S.C. § 1002(16).

9.     All Defendants are fiduciaries of Plaintiff under the meaning of 29 U.S.C. § 1104.

**Facts Common to All Claims**

10.    Plaintiff's minor son R.N.F. was initially diagnosed with Autoimmune Encephalitis (AE), a rare condition wherein the body's immune system mistakenly attacks healthy brain cells, leading to inflammation of the brain, in August 2014.

11.    R.N.F was also diagnosed with Common Variable Immune Deficiency (CVID), an antibody deficiency that leaves the immune system unable to defend against bacteria and viruses, resulting in recurrent and often severe infections primarily affecting the ears, sinuses, and respiratory tract, in April 2016.

12.    Symptoms of these conditions included gross and fine motor delay, a stiff gait and pains in his legs, poor sleep, frequent illness, as well as behavioral/neurological issues such as vocal tics, sensory issues, and obsessive compulsive disorder.

13.    RNF has also be diagnosed as both attention deficit hyperactivity disorder (ADHD) and oppositional defiant disordered (ODD).

14.    At all times relevant R.N.F. has been under the care of M. Elizabeth Latimer, MD, Tracy Fritz, M.D., and/or Anu French, M.D., F.A.A.P.

15.    R.N.F. has received the following first line care and medication treatments to address his Autoimmune Encephalitis, and ancillary issues:

a.  Augmentin: June 27, 2014 – July 10, 2015; October 20, 2015 – May 3, 2016; and August 19, 2016 through the present,

b.  Azithromycin: December 15, 2014 through March 30, 2015; and June 9, 2015 through the present.

c.  Flagyl: June 27, 2014- October 8, 2014; and December 15, 2014 through March 30, 2015 and October 20, 2015 through May 3, 2016.

d.  Albendazole: June 27, 2014 through August 30, 2014

e.  Valaciclovir: May 3, 2016 through September 13, 2017

f.  Amantadine: September 13, 2017 through present.

g.  High dose IVIG (intravenous immunoglobulin) Treatment: December 14-15, 2015 May 12-13, 2016 and August 23-24, 2016.

16.    R.N.F initially responded positively for to the IVIG treatment, but experienced frequent relapses of varying intensity culminating with suicidal thoughts in February of 2018.

17.    These relapses led R.N.F's physicians to determine that IVIG was no longer an effective treatment and Rituximab was the next recommended treatment.

18.    R.N.F. underwent Rituximab treatment on July 9, 2018 and July 23, 2018. The treatment was a success as his mental and physical health improved beyond baseline while undergoing other treatments.

19.    Anthem initially approved payment for R.N.F.'s Rituximab therapy under the plan, but ultimately denied to pay for the drug as it was allegedly "considered not medically necessary" under the health benefits plan.

20.    Under the Plan, Medically Necessary Care or Medically Necessary is defined as:

Any treatment or services that is provided for the diagnosis, evaluation and treatment of a condition, illness, disease, or injury and determined by the Claims Administrator to be:

- Medically Appropriate for and consistent with he symptoms and proper diagnosis or treatment of the condition, illness, disease or injury;
- Obtained from a covered Network or Non-Network Provider;
- Provided in accordance with applicable medical and/or professional standards;
- Known to be effective, as proven by scientific evidence, in materially improving health outcomes;
- Consistent with the symptoms and proper diagnosis or treatment of the condition, illness, disease or injury;
- Cost -effective compared to alternative treatments or service, including no treatment or service. As to the diagnosis or treatment of the Member's illness, injury or disease, the service is: not more costly than an alternative service or sequence of services that is medically Appropriate; or performed in the least costly setting that is medically Appropriate;
- The most Appropriate level of services or supplies that can safely be provided and which cannot be omitted consistent with recognized professional standards of care;
- Determined by the Plan Administrator or its delegate (the Claims Administrator) to be Generally Accepted;
- Is not Experimental or Investigational;
- Not otherwise subject to an expense not covered under this Plan.

21.     Specifically, Anthem noted that AE was not included on the list of conditions Rituximab was prescribed to treat, and thus was not medically necessary.

22.     In June 2019, Plaintiff appealed Anthem's decision to not pay for R.N.F.'s Rituximab treatment.

23.     In support of the June 2019 appeal, documentation from R.N.F.'s treating physicians was submitted that supported the Rituximab treatment, as well as, peer reviewed empirical articles indicating that Rituximab was not only commonly used to treat AE, but it was found to be effective when IVIG and other front line care options were not.

24.     Anthem denied the June 2019 appeal.

25.     November 22, 2019, a second appeal of Anthem's denial was filed. Anthem denied this appeal as well.

26.     The November 22, 2019 appeal included additional empirical data that Rituximab was a known and utilized treatment for AE.

27.     In the denial of the Rituximab treatment, Anthem relied upon the opinion of two physician's that reviewed R.N.F.'s medical records, neither of the physicians were qualified to opine to as to the treatment of the rare pediatric neurological condition of autoimmune encephalitis nor does the claim file indicate that any weight was given to the peer-reviewed articles supporting the use of Rituximab in the treatment of AE, or that either of the physicians even were presented with the articles.

28.     From the claim file it is evident that the ultimate decision to deny payment for the Rituximab treatment was made by Anthem's Medical Director Reviewer, who denied a request that the claim be reviewed by a board certified specialist in Pediatric Neurology and Neurodevelopmental Disabilities on the grounds that AE is not included on a list of common conditions treated by Rituximab, and thus denied payment for the treatment.

## COUNT I
## Wrongful denial of Benefits pursuant 29 U.S.C. § 1132(a)(1)(b)
## Against All Defendants

29.     Plaintiff incorporates by reference paragraphs 1-28 above as if fully set forth herein.

30.     The objective evidence contained in the claim file demonstrates that Rituximab was:

    a.   Medically appropriate;

    b.   Provided by an in-network provider;

    c.   Provided in accordance with applicable medical standards;

     d.  Known to be effective;

     e.  Warranted and consistent with R.N.F's symptoms

     f.  Cost effective; and

     g.  Nonexperimental.

31. In determining whether to pay for the Rituximab treatment Defendants:

     a.  Failed to adequately investigate the claim for benefits by not seeking the opinion of a specialist regarding the rare and uncommon condition of R.N.F., and instead relied upon the decision of its employee, the "Medical Director Reviewer, MD."

     b.  Failed to use proper judgment in determining R.N.F.'s claim by relying solely upon the opinion of its inhouse "Medical Director Reviewer, MD" to determine that Rituximab.

     c.  Failed to consider the objective empirical evidence that the Rituximab was a customary and accepted treatment for AE.

     d.  Failed to acknowledge the cost benefit of utilizing the Rituximab treatment versus the more expenses and less effective IVIG treatment.

     e.  Failed to take precautions to shield itself from the inherent conflict of interest presented by being both the payer and decider of claims.

     f.  Relied upon unfair, biased, and inconclusive reviews of treatment options.

32. The actions outlined in Paragraph 31 amounts to egregious conduct and oversights in the review – and ultimate denial – of the claim for benefits to pay for the Rituximab and resulted in the wrongful denial of payment for the Rituximab treatment.

33.     Defendants' denial of payment for the Rituximab treatment was an abuse of discretion and not based on the substantial objective evidence and was the byproduct of breaches of the fiduciary duties owed to Plaintiff, conflicts of interest, and serious procedural irregularities.

34.     The Rituximab treatment is covered by the Plan and as such, Defendants are required to pay for the Rituximab treatment, together with prejudgment interest, attorney's fees and costs.

WHEREFORE Plaintiff respectfully prays for judgment against Defendants Anthem Blue Cross Blue Shield, Ameren Corporation, and Ameren Services Company granting equitable relief including payment of the amount of the Rituximab treatment, interest on past due sums, attorney fees and costs, and for any other such relief as this Court deems just and proper under the circumstances.

## COUNT II
### Breach of Fiduciary Duty Pursuant to 29 U.S.C. §1132(a)(3)
### Against All Defendants

35.     Plaintiff incorporates by reference paragraphs 1-34 above as if fully set forth herein.

36.     Pursuant to 29 U.S.C. § 1104 Defendants are fiduciaries of Plaintiff.

37.     As fiduciaries, Defendants owed Plaintiff the twin duties of loyalty and prudence and are obligated to make decisions regarding his claims for benefits in favor of awarding R.N.F. benefits under the Plan.

38.     In determining whether to pay for the Rituximab treatment Anthem:

   a.   Failed to investigate the claim for benefits by not seeking the opinion of an appropriate specialist regarding the rare and uncommon condition of R.N.F.

   b.   Failed to use proper judgment in determining R.N.F.'s claim by relying solely upon the opinion of its in-house "Medical Director Reviewer, MD" who at all

times operated under a significant financial conflict of interest with incentives to deny appropriate claims.

c.   Failed to consider the objective empirical evidence that the Rituximab was a customary and accepted treatment for AE.

d.   Implemented an unfair, incomplete and biased review process.

e.   Relied upon unfair, biased, and inconclusive reviews of treatment options.

39.   The actions alleged in paragraph 38 all constitute breaches of the fiduciary duties owed by Anthem to R.N.F. and all beneficiaries under the Plan.

40.   The failures and actions alleged in paragraph 38 demonstrate failures in the administration of the Plan, that are the results and byproduct of the conflicts of interest and procedural irregularities.

41.   As a result of this conflict of interest and procedural irregularities, as demonstrated by the breaches of fiduciary duty outlined above, Defendants have failed to implement appropriate process and procedures to fully and fairly evaluate claims under the Plan thus has further breached its duty of loyalty owed to Plan beneficiaries such as R.N.F.

42.   The only way to prevent further violations of fiduciary duties is for Defendants to change its claim review practices and procedures to eliminate all conflicts of interest and violations of 29 U.S.C. § 1001 et seq.

WHEREFORE Plaintiff respectfully prays for judgment against Defendants Anthem Blue Cross Blue Shield, Ameren Corporation, and Ameren Services Company granting equitable relief of enjoining continued review of any claims under the current process and procedures currently in place, mandating the drafting of new processes and procedures that correlate to the goals of the Ameren Employee benefit Plan and 29 U.S.C. 1001 et seq., and a remand R.N.F.'s claim of

benefits for review under the revised processes and procedures, as well as attorney fees and costs incurred herein, and for any other such equitable relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**GALLAGHER DAVIS, L.L.P.**

*/s/ Adam J. Olszeski*
Matthew R. Davis, #MO58205
Adam J. Olszeski, #MO66126
2333 S. Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax: (314) 725-0101
matt@gallagherdavis.com
adam@gallagherdavis.com

*Attorneys for Plaintiff*